IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

PAUL D. AMMERMAN,

                Plaintiff,

v.

NURSE SEAMAN,

                Defendant.

OPINION AND ORDER

Case No. 17-cv-800-wmc

───────────────────────────────────────────────────────────

      Pro se plaintiff Paul D. Ammerman, an inmate at Columbia Correctional Institution, is proceeding to trial in this civil case on an Eighth Amendment deliberate indifference claim against defendant Nurse Mary Seaman. Ammerman moves for an order compelling defendant to produce a copy of any policy or procedures Columbia employees follow when dealing with a disruptive or threatening inmate, which I will grant as provided below. (Dkt. 71.)

      The parties dispute what occurred during a routine blood pressure check on May 5, 2017. While Ammerman alleges that defendant disregarded his acute need for medical care, and prematurely ended the appointment without reading his blood pressure, defendant counters that Ammerman did not say he was in medical distress and did not obviously appear to be in such distress. Moreover, and most relevant here, defendant asserts that she ended the appointment per her training only after Ammerman became threatening. Ammerman seeks to cast doubt on that assertion in part by presenting evidence that defendant did not follow the proper procedures for dealing with a disruptive or threatening inmate in the health services unit (HSU).

      To that end, Ammerman, in his third request for discovery, asked defendant to produce "the policy [or] procedure for employees contacting security and the outcome" and listed four subparts further specifying the information he sought: (1) how staff contacted security; (2) who removed disruptive inmates and (3) to where; and (4) what follow-up paperwork was required from staff who requested a security escort. (Dkt. 73-1 at 9.) In response, defendant generally objected that the request is overly broad, vague and not proportional to the needs of the case.

However, defendant also explained her understanding of security procedures for dealing with disruptive or threatening inmates. (Dkt. 73-1 at 10-11.) Moreover, defendant produced an excerpt of Ammerman's medical records containing defendant's May 5 progress note documenting that she had Ammerman removed from the HSU to avoid "unwanted confrontation." (Dkt. 39-1 at 10.)

Still, what Ammerman seeks is documentation substantiating defendant's assertions about those security procedures. (Dkt. 73-1 at 9.) Defendant states in opposition to Ammerman's motion that her discovery responses "are appropriate," without further elaboration. (Dkt. 72 at 2.) However, defendant's position is that Ammerman threatened her, and she did what she had been trained to do in response to threatening inmates: end the appointment and call an officer to the examination room to escort Ammerman out of the HSU. (Dkt. 38 at 6.) Information such as a general policy or procedure, or one specific to HSU personnel, that speaks to how staff are trained to deal with disruptive or threatening inmates is thus relevant and discoverable, even if it ultimately does not suffice to prove Ammerman's claim. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). To the extent such documentation exists and can be produced by defendant–- I assume it does and defendant can because she does not assert otherwise–defendant may have until discovery closes on June 18, 2021, to provide a copy to Ammerman.[1]

That said, I acknowledge defendant's point that Ammerman did not provide the court with copies of the discovery requests and responses in question and failed to confer with defense counsel before seeking relief from the court. (Dkt. 72 at 2.) But I will not deny the motion on

---

[1] Ammerman, in his first set of interrogatories, references three Department of Corrections policies that appear to relate at least in part to safety and security (dkt. 73-1 at 5), but it is unclear whether he has copies of these policies, or whether other policies or procedures would also be responsive here.

either ground. For one, Ammerman stated his discovery request in his motion (dkt. 71 at 1) and defendant provided the requests and responses (dkt. 73-1). It would therefore be inefficient to deny the motion for a failure to submit with it "documents that show why the court should grant the motion" when I have what I need to resolve the motion now. (Dkt. 30 at 10.) For another, the preliminary pretrial conference order encourages the parties to try to work out discovery disputes on their own when "they can do so quickly" and "it would [not] be a waste of time." (Dkt. 30 at 10.) At this point in this case, pretrial deadlines are fast approaching and time is of the essence, so I will not fault Ammerman for bringing this discovery issue "to the court's attention quickly" in order to get the information that he needs for trial. (*Id.*)

ORDER

IT IS ORDERED that plaintiff Paul D. Ammerman's motion to compel is (dkt. 71) is GRANTED. No later than June 18, 2021, defendant must provide the information responsive to plaintiff's production request as provided above.

Entered this 8th day of June, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3