IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL D. AMMERMAN,

                Plaintiff,                          ORDER

v.

                                                     17-cv-800-wmc

NURSE SEAMAN,

                Defendant.

*Pro se* plaintiff Paul D. Ammerman is proceeding to trial in this civil action under 42 U.S.C. § 1983 on an Eighth Amendment deliberate indifference claim alleging that defendant Nurse Mary Seaman disregarded Ammerman's acute need for medical care during a routine blood pressure check on May 5, 2017. On June 14, 2021, Ammerman filed a motion requesting a court order requiring his institution, Columbia Correctional, to provide him "medical attention when needed." (Dkt. #80 at 3.) Specifically, he represents that on May 29, 2021, he experienced acute difficulty breathing and a rapid heart rate, with high blood pressure, and waited several hours to be seen. Since then, he further claims to have blacked out and hallucinated at times, as well as suffered muscle cramps, diarrhea, and headaches, due to the heat. Although repeatedly asking for help, plaintiff claims that he has received little care.

As an initial matter, while the court is sympathetic to plaintiff's claims, these events neither involve the defendant before the court, nor the claim on which plaintiff is proceeding to trial. Accordingly, this court does not have a basis to grant the injunctive relief requested. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) (preliminary injunction requires "showing some likelihood of succeeding on the

merits" of underlying claim). Moreover, should plaintiff wish to pursue claims based on these newly alleged events in a separate lawsuit, plaintiff does not indicate, and it seems highly unlikely, that he has exhausted his remedies within the institution, much less the DOC. *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit").

Nevertheless, out of concern for the *pro se* plaintiff's health and in particular his ability to continue preparing for trial in the matter actually proceeding,[1] the court does ask defense counsel to provide as soon as practicable a statement indicating whether plaintiff faces any immediate risk to his health and how his institution is responding to any acute medical needs, including underlying medical documentation. After the response is filed, the court will determine what, if any, additional steps may be appropriate.

ORDER

IT IS ORDERED that defendant shall respond to plaintiff's motion for a preliminary injunction and temporary restraining order (dkt. #80) as directed above.

Entered this 15th day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Although trial in this case is currently scheduled for August 2, 2021, it is the court's intention to reset it for October 4, 2021, and to promptly issue a new trial schedule.