IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL D. AMMERMAN,

                Plaintiff,                    OPINION AND ORDER

v.

                                            17-cv-800-wmc

NURSE SEAMAN,

                Defendant.

*Pro se* plaintiff Paul D. Ammerman is proceeding to trial in this civil action under 42 U.S.C. § 1983 on an Eighth Amendment deliberate indifference claim against defendant Mary Seaman. Ammerman now moves (1) for reconsideration of the court's May 4, 2021, order declining to recruit counsel; (2) to deny defendant leave to depose him; and (3) to stay case deadlines and the trial date. (Dkt. ##69, #75, #77.) For the following reasons, the court will deny Ammerman's motion for assistance recruiting counsel, grant defendant leave to depose him, and strike and reset the trial schedule.[1]

## I. Motion for Reconsideration of Denial of Assistance in Recruiting Counsel (dkt. #69)

As plaintiff is well-aware, a *pro se* litigant does not have a right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, a district court may help *pro se* litigants find a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Still, a party seeking the court's help in recruiting counsel must meet certain

---

[1] On June 14, 2021, plaintiff also filed a motion asking the court to order his institution, Columbia Correctional, to provide him medical care for several allegedly acute medical needs. (Dkt. #80.) Out of concern for plaintiff's health and his ability to litigate this case, the court directed defense counsel to respond (dkt. #83), and may modify aspects of this order based on that response.

requirements, *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010).

As an initial matter, a plaintiff must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. *Id.* at 761. Plaintiff has already satisfied these requirements. (Dkt. ##6, #61-1.) However, plaintiff still has not shown that this is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654-55. To begin, plaintiff represents that he has only a limited education and suffers serious, untreated mental illness, "which will impair his ability to litigate at trial." (Dkt. #69 at 1-2.) Moreover, from the attachments to his motion, it appears that plaintiff was previously diagnosed with antisocial personality disorder and dysthymic disorder, and at one point took lithium. (Dkt. ##69-2 at 9, #69-3.) While sympathetic to plaintiff's mental health concerns, the court also notes that he has not identified any *specific* way in which these conditions, even untreated, have impaired his ability to litigate this case, nor has the court seen evidence that plaintiff's mental health is negatively affecting his ability to litigate. To the contrary, his filings remain appropriate and understandable, and plaintiff has done an able job representing himself despite the limitations of his formal education.

Many, if not most, *pro se* litigants have limited education and few legal resources, so the question for the court is whether *this* case boils down to issues too complex for *this* plaintiff to handle. *See McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring) (the court must decide for each case "whether this particular [plaintiff], among many deserving and not-so-deserving others, should be the beneficiary

2

of the limited resources of lawyers willing to respond to courts' requests."). Here, the court has not seen any suggestion in plaintiff's submissions to date that he is more limited than the typical *pro se* litigant. In fact, plaintiff partially prevailed on summary judgment. Finally, as previously explained, it is not enough that a lawyer might do a *better* job handling a case at trial. For the reasons stated in its prior order, therefore, the court remains confident that plaintiff can represent himself at trial on the relatively straightforward, remaining claim in this lawsuit. (Dkt. #68 at 2-3.)

Further, plaintiff renews his concern about his ability to present medical evidence on his own, again asserting that this case is more complex than it appears. Regardless, the court is not convinced that plaintiff would be unable to "coherently present [his case] to the judge or jury himself." *Pruitt*, 503 F.3d at 655. Plaintiff suffers from hypertension, and bases his deliberate indifference claim on defendant's alleged refusal to provide him care after he told her during a May 5, 2017, appointment that he was experiencing acute difficulty breathing and chest pains. As the court noted in its prior order declining plaintiff's request to recruit counsel, his claim involves "settled law and simple factual questions for the jury." (Dkt. #68 at 2.) Indeed, plaintiff's proof of this claim will hinge on evidence about what symptoms he was experiencing on May 5, as well as what happened during his interaction with defendant and how her alleged failure to act caused plaintiff to suffer needlessly or worsen his conditions.

Lay people, untrained in medical care, would understand that a failure to provide medical care to a prisoner who reported symptoms is problematic. The court remains confident that plaintiff, in reliance on his own memory of his treatment and complaints of

emergent symptoms, as well as his own medical records, can testify to his experiences that day *and* question defendant about the alleged events.

As for plaintiff's specific concerns regarding the introduction of medical evidence, he focuses on properly defining certain medical terms for the jury. (Dkt. #69 at 2-3.) Plaintiff alleges that he suffered an episode of tachycardia (faster-than-normal heart rate at rest), among other symptoms after his appointment, and that he now has heart valve regurgitation (blood leakage) in his pulmonic valve. He further suggests that an expert could generally explain the significance of heart valve regurgitation and tachycardia at trial because he cannot use the court's summary judgment order defining those terms.

Plaintiff can, however, rely on his own medical records, which document his heart rate on May 5 after the appointment, and when the valve regurgitation was detected, as well as what the related medical findings were. (*See* dkt. #39-1 at 30-41, 43-45, 51.) The court may also take judicial notice of "a fact that is not subject to reasonable dispute" if it meets the criteria in Federal Rule of Evidence 201(b), and it would expect the parties to enter into reasonable stipulations with respect to undisputed facts and the admission of undisputed evidence. Plaintiff can also seek to introduce evidence about tachycardia and regurgitation through cross-examination of defendant or other health care provider called as a witness, in addition to subpoenaing health care providers who treated him at Columbia during the relevant time period. Indeed, the court's trial preparation order provides guidance on the procedures for calling witnesses at trial. (Dkt. #67.)

4

For all of these reasons, the court will deny plaintiff's motion for reconsideration without prejudice.[2] In preparing adequately for trial, plaintiff should follow the guidance in the trial preparation order. Although trial logistics can be intimidating and complex, the court's impression of plaintiff remains that he does not need an attorney to review and apply the guidance set forth in that order. Finally, the court reiterates that it may on its own decide to recruit counsel for plaintiff after reviewing his pretrial submissions.

**II. Motion to Deny Defendant Leave to Depose Plaintiff (dkt. #77)**

Plaintiff also has filed a motion objecting to defendant's attempt to depose him, arguing that defendant has not received court permission to depose a prisoner as required under Federal Rule of Civil Procedure 30(a)(2)(B). (Dkt. #77.) In response, defendant acknowledges that she did not obtain leave before noticing a deposition, which she has since cancelled. (Dkt. #79 at 1.) Accordingly, plaintiff's motion is moot.

That said, defendant indicates that she still intends to depose plaintiff in anticipation of trial. (Dkt. #79 at 2.) The court routinely grants requests under Rule 30(a)(2)(B) without dissecting the reasons for the deposition or placing limits on its length. *See Vogelsberg v. Kim*, No. 17-cv-596-jdp, 2021 WL 1535576, at *1 (W.D. Wis. Apr. 19, 2021) (there is no indication that the rule is meant to protect the interests of the prisoner as opposed to ensuring that the prison is not unduly burdened and that the party taking

---

[2] To the extent plaintiff is also requesting counsel to represent him at a deposition, he does not have a right to a lawyer before being deposed. As noted, civil litigants do not have a constitutional right to counsel. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Moreover, to sit for a deposition, plaintiff does not need to have a knowledge of the law or make complex legal arguments; he simply needs to answer defendant's questions and tell his side of the story honestly.

the deposition can gain access to the prison). As defendant notes, the court typically issues an order permitting defendants to take an inmate's deposition with the preliminary pretrial conference order. Accordingly, under Rule 30(a)(2)(B), defendant may take plaintiff's deposition.

**III. Motion to Stay Case Deadlines and the Trial Date (dkt. #75)**

Finally, plaintiff asks to stay case the current deadlines and the trial date, which defendant does not oppose. (Dkt. ##75, #79.) In support, plaintiff references some discovery issues, one of which has now been resolved (dkt. #77), as has defendant's stated intention to depose plaintiff before trial. To ensure that all parties are well-prepared for trial, and in light of the court's inherent authority to manage its own docket, the court will grant plaintiff's unopposed motion. However, rather than stay the remainder of the existing schedule, the court will strike and reset it as provided below.

ORDER

IT IS ORDERED that:

1) Plaintiff Paul D. Ammerman's motion for reconsideration on the motion for the appointment of counsel (dkt. #69) is DENIED without prejudice.

2) Plaintiff's motion to deny defendant leave to depose him (dkt. #77) is DENIED as moot.

3) Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), defendant is GRANTED leave to depose plaintiff.

4) Plaintiff's motion to stay case deadlines and the trial date (dkt. #75) is GRANTED as provided above. The remaining deadlines and trial date are STRICKEN, and the trial date is RESET to **October 4, 2021, at 8:30 a.m.**, with the following dates and deadlines:

6

a. The discovery cutoff is **August 20, 2021**.

b. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for the attendance of plaintiff at trial beginning on **October 4, at 8:30 a.m.** Plaintiff should arrive at the courthouse no later than 8:00 a.m. Any additional motions for the issuance of subpoenas or writs of habeas corpus ad testificandum are to be filed and served by the parties by **September 6, 2021**.

c. Motions in limine, Rule 26(a)(3) disclosures, proposed voir dire questions, jury instructions and verdict forms, exhibit lists, and a complete set of exhibits are due **August 27, 2021**, and responses and objections are due **September 10, 2021**.

d. Defendant is to inform plaintiff and the court by **August 27, 2021**, whether she will attend each day of trial without a subpoena.

e. The court will hold a zoom final pretrial conference on **September 29, 2021, at 12:30 p.m.** Defendant is responsible for initiating the call to the court.

Entered this 17th day of June, 2021.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        WILLIAM M. CONLEY
                                        District Judge