IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL D. AMMERMAN,

                Plaintiff,                OPINION AND ORDER

v.

                                       17-cv-800-wmc

NURSE SEAMAN,

                Defendant.

---

*Pro se* plaintiff Paul D. Ammerman is proceeding to trial in this civil action on an Eighth Amendment deliberate indifference claim alleging that defendant Nurse Mary Seaman disregarded his need for medical care after he reported acute chest pains and difficulty breathing during a routine blood pressure check on May 5, 2017. Before the court is Ammerman's motion for an order requiring his institution, Columbia Correctional, to provide him more immediate medical care based on alleged May and June 2021 events. (Dkt. #80 at 3.) Although the court explained in its June 15, 2021, order that it had no basis to grant that relief in this case, the court asked defendant to provide a statement addressing any immediate risk to Ammerman's health out of concern for his ability to continue preparing for trial. (Dkt. #83 at 2.) Having reviewed the parties' submissions on this motion (dkt. ##86, 89, 90, 92, 94), and alleviated its concerns, the court will deny the motion for the reasons that follow.[1]

---

[1] Ammerman also moved for leave to file a reply or sur-reply (dkt. #94), as the court's June 15, 2021, order did not provide for one. The court will grant that motion in part, in that it has considered his additional allegations and arguments without allowing any additional briefing. The court also denies the motion in part, in that additional briefing is unnecessary to resolve the question of injunctive relief, and the allegations and arguments plaintiff raised in his motion for leave would not change the outcome, even if he were permitted to elaborate further.

BACKGROUND

In support of his motion, plaintiff represents that on May 29, 2021, he reported acute chest pains, difficulty breathing and a rapid heart rate, along with high blood pressure, only to be left waiting several hours and then seen by a nurse who examined him but declined to address his chest pains. (Dkt. ##80 at 1-2, 94 at 1.) Plaintiff's medical records indicate that he also reported beginning a four-day hunger and medication strike at the end of May, which may have exacerbated these symptoms. (Dkt. #90-4 at 10-14.) On June 1, plaintiff underwent a hunger strike assessment with a nurse, who also evaluated him for chronic breathing difficulties, coughing, and chest pain, resulting in a referral to a physician to address his ongoing health issues. (Dkt. #90-4 at 7-9, 13.)

During a spell of hot weather, plaintiff next submitted health service requests on June 8, 9, 10, and 11, indicating that he had blacked out at times and was suffering muscle cramps, diarrhea, and headaches, as well as requesting Pedialyte. (Dkt. #86-2 at 1-4.) Plaintiff further alleges that after complaining to staff about these symptoms to no avail, he passed out in his cell on June 9, hitting his head on his desk. (Dkt. #80 at 2.) At that time, plaintiff was apparently taken to the health services unit for wound care, placed in a medical observation cell, and sent to the emergency room for further evaluation. (Dkt. ##90-1, 90-2, 90-3, 90-4 at 13, 92 at 3-5.) The next day, a nurse followed up with plaintiff, who was complaining of diarrhea and poor ventilation on hot days, but now reported eating and drinking water. (Dkt. #90-4 at 12.) That nurse noted that plaintiff's sutures were intact, and a clear yellow urinalysis was obtained. Finally, on June 19, plaintiff

claims he witnessed another inmate suffer a seizure and be removed "on a canvas stretcher." (Dkt. #86 at 2.)

OPINION

Because plaintiff's motion raises broad issues beyond the scope of this lawsuit, his request for injunctive relief is largely, if not entirely, inappropriate. Specifically, based on newly claimed 2021 events, plaintiff requests an order requiring Columbia to ensure that inmates receive medical care within 30 minutes of reporting "emergent situations, like heat related issues, or seizure threats" and to conduct an investigation into why inmates in the restrictive housing unit "are going to the hospital." (Dkt. #86 at 3.) However, plaintiff is not proceeding in this case on *any* claims against the individuals he would now fault in his motion. Neither do his claims in this case concern Columbia staff's alleged failure to mitigate the risks of hot weather for inmates in the restrictive housing unit, nor to treat heat-related illness, or to monitor inmates refusing food and medication. Rather, plaintiff's narrow, deliberate indifference claim in this case concerns specific events involving the named defendant, Nurse Seaman, on May 5, 2017. Even assuming plaintiff reported acute chest pains and difficulty breathing to a nurse in 2021 *and* was ignored, that does not make it more or less likely that the same occurred approximately five years earlier between plaintiff and a *different* nurse. If anything, it would be unfairly prejudicial to defendant to bring up such a future event in this case.

Without deciding whether plaintiff can articulate claims cognizable under 42 U.S.C. § 1983 based on these newly alleged events in a new lawsuit, therefore, the court lacks any authority to address those concerns in *this* lawsuit. *See Roland Mach. Co. v. Dresser Indus.,*

*Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) (preliminary injunction requires "showing some likelihood of succeeding on the merits" of *underlying* claim).  Thus, if plaintiff continues to believe that his constitutional rights have been violated, he is free to pursue them in a separate lawsuit *after* exhausting his administrative remedies using the procedures within Columbia.  *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit").  Nor has plaintiff shown need for this court to intervene in his current treatment to facilitate the timely completion of this lawsuit.

Accordingly, the court will deny plaintiff's motion for injunctive relief, as well as decline to take any other steps in light of plaintiff's continued, demonstrated ability to litigate.  Indeed, since moving for injunctive relief last month, plaintiff has filed a supplement and a motion for leave to reply (dkt. ##86, 94), proposed jury instructions (dkt. #81), two discovery motions with exhibits (dkt. ##84, 88), notice of withdrawal of one of these motions (dkt. #87), and two letters (dkt. ##82, 91).  Based on these filings, the court has no basis whatsoever to conclude that plaintiff is unable to continue preparing for the October 2021 trial.  Going forward, therefore, plaintiff is strongly encouraged to focus on the trial preparation tasks at hand as set forth in the trial preparation order.  (Dkt. #67.)

ORDER

IT IS ORDERED that:

1) Plaintiff Paul D. Ammerman's motion to allow the plaintiff a sur-reply (dkt. #94) is GRANTED IN PART AND DENIED IN PART as set forth above in footnote 1.

2) Plaintiff's motion for a preliminary injunction and temporary restraining order from threat of death (dkt. #80) is DENIED.

Entered this 15th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge