IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL AMMERMAN,

       Plaintiff,

    v.                             Case No. 17CV0800

MARY SEAMAN,

       Defendant.

## DEFENDANT'S PROPOSED ADDITIONAL JURY INSTRUCTIONS

In addition to this Court's standard instructions, Defendant Mary Seaman submits the following proposed jury instructions for use at trial in this case.

Dated: August 27, 2021

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Jennifer R. Remington
JENNIFER R. REMINGTON
Assistant Attorney General
State Bar #1098838

BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2230 (Remington)
(608) 266-1780 (Flugaur)
(608) 267-8906 (Fax)
remingtonjr@doj.state.wi.us
flugaurbt@doj.state.wi.us

## 1.08 CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.08

## 1.14 PRIOR INCONSISTENT STATEMENTS

. . . .

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.14

## 1.15 IMPEACHMENT OF WITNESS — CONVICTIONS

You have heard evidence that <u>the Plaintiff and witness Matthew Gebhardt</u> been convicted of <u>crimes</u>. You may consider this evidence only in deciding whether <u>their</u> testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.15 (modified); *see also Seventh Circuit Federal Jury Instructions—Civil* § 2.11

## 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial

*Seventh Circuit Federal Jury Instructions—Civil* § 1.16

## 1.18 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.18

### 1.31 NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for <u>Mary Seaman</u> on the question of liability, then you should not consider the question of damages.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.31 (modified)

7.01 GENERAL: <u>DEPARTMENT OF CORRECTIONS IS</u> NOT A PARTY

<u>Mary Seaman</u> is being sued as an individual. Neither the <u>Wisconsin Department of Corrections</u> nor <u>State of Wisconsin</u> is a party to this lawsuit.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.01 (modified)

## 7.04 LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES

You have heard evidence about whether <u>Mary Seaman's</u> conduct complied with <u>Wisconsin Department of Corrections policies</u>. You may consider this evidence in your deliberations. But remember that the <u>issue is</u> whether <u>Mary Seaman acted with deliberate indifference in violation of the Eighth Amendment</u>, not whether a <u>Department policy</u> might have been complied with.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.04 (modified)

10

## 7.17 EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROVIDE MEDICAL ATTENTION–ELEMENTS

To succeed on his claim of failure to provide medical [care; ~~attention~~], Plaintiff must prove each of the following <u>four</u> things by a preponderance of the evidence:

1. Plaintiff had a serious medical need. A serious medical need is a condition that a doctor says requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment.

2. Defendant was aware that Plaintiff had a serious medical need [~~or strongly suspected facts showing a strong likelihood that Plaintiff had a seriously medical need but refused to confirm whether these facts were true~~].

[~~You may infer this from the fact that the need was obvious.~~]

3. Defendant consciously failed to take reasonable measures to provide treatment for the serious medical need.

[~~Plaintiff does not have to show that Defendant ignored him or provided no care. If Defendant provided some care, Plaintiff must show that Defendant knew [his] [her] actions likely would be ineffective or that Defendant's actions were clearly inappropriate.~~]

In deciding whether Defendant failed to take reasonable measures, you may consider the seriousness of Plaintiff's medical need, how difficult it would

have been for Defendant to provide treatment, and whether Defendant had legitimate reasons related to safety or security for failing to provide treatment.

[. . . .You may infer that Defendant consciously failed to take reasonable measures if Defendant's ~~[action]~~ [failure to act] was such a substantial departure from accepted professional judgment, practice or standards that it showed a complete abandonment of medical judgment.]

~~[. . . . If Defendant relied on the opinion of a medical professional, Defendant did not consciously fail to take reasonable measures unless it was obvious that following the medical professional's opinion would cause harm to Plaintiff.]~~

4. As a result of Defendant's [~~actions;~~ inaction], Plaintiff was [~~harmed;~~ subjected to a significant risk of harm]. ~~[Plaintiff may prove that Defendant harmed him with evidence that his condition worsened as a result of Defendant's conduct]~~ [or] [that he suffered prolonged, unnecessary pain].]

~~[5. Defendant acted under color of law.]~~

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

12

*Seventh Circuit Federal Jury Instructions—Civil* § 7.17 (modified).

7.27 COMPENSATORY DAMAGES IN PRISONER CASES

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained [and is reasonably certain to sustain in the future] as a direct result of the Defendant's failure to provide medical care.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In this case the parties dispute whether Plaintiff suffered a physical injury [was subjected to a sexual act]. If you find that Plaintiff has proven by a preponderance of the evidence that he [she] suffered a physical injury [was subjected to a sexual act], you may award damages for any mental or emotional injury Plaintiff suffered as well. If you find that Plaintiff did not suffer a physical injury (was not subjected to a sexual act], you may not award damages for mental or emotional injury, but you may award damages for any other type of injury listed below. Whether or not Plaintiff proves a physical injury [sexual act], you may award nominal damages and punitive damages, so long as you find that Plaintiff has met the standard for obtaining those damages.

You should consider the following types of compensatory damages, and no others:

a. <u>The physical and mental and emotional</u> pain and suffering ~~[and disability/loss of a normal life]~~ that Plaintiff has experienced ~~[and is reasonably certain to experience in the future]~~. No evidence of the dollar value of physical <u>or mental and emotional</u> pain and suffering ~~[or disability/loss of a normal life]~~ has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained. . . .

*Seventh Circuit Federal Jury Instructions—Civil* § 7.27 (modified).

## 7.28 DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish the defendants for their conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant. You may assess punitive damages only if you find that Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's <u>safety or rights</u>.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- [Defendant's financial condition;]

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.28 (modified).