IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL D. AMMERMAN,

                Plaintiff,                 OPINION AND ORDER

v.

                                                             17-cv-800-wmc

NURSE SEAMAN,

                Defendant.

    *Pro se* plaintiff Paul D. Ammerman is proceeding to trial in this civil action on an Eighth Amendment deliberate indifference claim against defendant Nurse Mary Seaman. On August 30, 2021, plaintiff filed a motion requesting an extension of the deadline to file his trial documents and motions in limine, asserting that he was having difficulty getting copies made at his institution. (Dkt. #111.) Reasonably taking that assertion at face value, Magistrate Judge Crocker granted the motion and briefly extended plaintiff's deadline to September 3, 2021. Defense counsel now objects, fairly questioning whether plaintiff, who filed a two-page motion for reconsideration with his extension request and has filed numerous other motions with exhibits as trial approaches, needed the requested relief for the stated reason. (Dkt. #115.) The court will overrule the objection. That plaintiff has been able to prepare and file various motions does not mean that he has not had recent difficulty obtaining copies of other documents or has not also been preparing his trial submissions. However, in light of plaintiff's extension, the court will briefly extend the response deadline from September 10, 2021, to September 15, 2021. Going forward plaintiff is *strongly* advised to focus on the trial preparation tasks at hand, rather than past rulings as the court does *not* intend to extend any more deadlines in this case.

As for plaintiff's motion for reconsideration (dkt. ##112, 116) of the magistrate judge's August 19, 2021, order denying plaintiff's motion for sanctions (dkt. #102), the court construes the motion as an appeal from that order and will deny it because Judge Crocker's order is not clearly erroneous or contrary to law. Indeed, plaintiff primarily reargues points Judge Crocker reasonably rejected: (1) why a policy produced by defendant concerning the inmate disciplinary process is responsive to plaintiff's request for policy or procedure concerning paperwork staff must file after requesting a security escort (dkt. #102 at 2-3); and (2) why there is no basis to conclude that defendant lied in some of her discovery responses (dkt. #102 at 5-6). And to the extent defendant may have misremembered whether cells at plaintiff's institution had intercom buttons, plaintiff indicates defendant has amended her responses accordingly -- which is not "a little bit too late," as plaintiff suggests. (Dkt. #112 at 2.) Now plaintiff further alleges that defense counsel was untruthful during his deposition concerning the employment status of a non-defendant, but the transcript indicates that counsel was simply denying a rumor plaintiff had heard about whether this non-defendant had been led out of the institution in handcuffs. (Dkt. #104 at 15.) Regardless, plaintiff does not explain why that information is relevant to his claim in this case or otherwise impacted his deposition responses.

Having resolved these matters, the court directs the parties to turn their full attention to the rapidly approaching October 4, 2021, trial.

ORDER

IT IS ORDERED that:

1) Plaintiff Paul D. Ammerman's motion for reconsideration (dkt. #112) is DENIED.

2) Defendant's objection to plaintiff's motion for an extension of time (dkt. #115) is OVERRULED.

3) Responses and objections are due September 15, 2021.

Entered this 2nd day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge