IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL D. AMMERMAN,

|                    |            |                   |
|--------------------|------------|-------------------|
|                    | Plaintiff, | OPINION AND ORDER |
| v.                 |            | 17-cv-800-wmc     |
| MARY SEAMAN,       |            |                   |
|                    | Defendant. |                   |

On October 5, 2021, after a one-day jury trial, judgment was entered in favor of defendant Mary Seaman and this case was closed.  (Dkt. #152.)  Defendant then submitted a bill of costs for the $545.80 she paid in docketing fees and to obtain a transcript of plaintiff Paul D. Ammerman's deposition, and a brief in support.  (Dkt. ##153, 156.)  Over plaintiff's objection, the Clerk concluded that "it was reasonable for defendant to obtain a transcript of plaintiff's deposition for use in the case" and taxed costs in the requested amount.  (Dkt. #158 at 2.)

Plaintiff now seeks reconsideration of the Clerk's action.[1]  (Dkt. #159.)  Relevant here, the cost of a printed or electronically recorded transcript is recoverable if the transcript is "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  The term "necessarily" means "no more than that the transcripts or copies be reasonably and prudently obtained—which depends on how things seemed when the expenditures were

---

[1] Plaintiff also asks the court to order defendant to respond and explain "why the transcripts were reasonable and if they used it as a settlement technique."  (Dkt. #159 at 2.)  But defense counsel has already explained in response to plaintiff's objection how she used the deposition and transcript to prepare for trial and in renewing a qualified immunity argument pretrial and has acknowledged that she "offered to waive costs associated with Ammerman's case if he agreed to dismiss his claim."  (Dkt. #156 at 3-4.) Further briefing is therefore unnecessary to resolve plaintiff's motion.

made, without benefit of hindsight." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 698-99 (7th Cir. 2014).  Accordingly, the court's discretion "is narrowly confined" in that it "must award costs unless it states good reasons for denying them." *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (citation omitted).

Plaintiff has not overcome the strong presumption Rule 54(d) creates that the prevailing party will recover costs.  *See Crosby v. City of Chi.*, 949 F.3d 358, 363-64 (7th Cir. 2020) ("Challenging a district court's award of costs is an uphill battle.").  When defendant took plaintiff's deposition and ordered a transcript, the parties were headed to trial on plaintiff's sole deliberate indifference claim to survive summary judgment.  Plaintiff argues that his deposition was at that point unnecessary because he had already made sworn statements throughout his varied court filings, and notes that his deposition was not introduced at trial.  Even so, as defense counsel explained in response to plaintiff's objection, it was nonetheless reasonable to seek to condense and confirm plaintiff's version of events and the remaining disputes of fact in preparation for plaintiff's cross examination and possible impeachment at trial, and in renewing a qualified immunity argument pretrial. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) ("[t]he proper inquiry is whether the deposition was reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court").  Moreover, "the practicalities of preparing a case for trial often require that the attorneys have frequent and ready access to the [copies of] depositions." *SCA Servs., Inc. v. Lucky Stores*, 599 F.2d 178, 181 (7th Cir. 1979).

Plaintiff is also concerned that defendant obtained the transcript to be able to entice

him to settle by offering to forgo associated costs and to punish him with those costs for proceeding to trial.  (Dkt. #159 at 2.)  But defendants generally have an incentive *not* to take unnecessary depositions or otherwise incur excessive costs because "[w]hen taking depositions the defendants could have had no confidence that they were going to win the case and thus be able to submit a bill of costs." *Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005).  And that defense counsel offered in settlement negotiations to waive costs to which defendant would presumptively be entitled if she prevailed does not discount defendant's entitlement to seek those costs after prevailing at trial.  Lacking a basis to disturb the Clerk's order, the court will deny plaintiff's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Paul D. Ammerman's motion for reconsideration of the Clerk of Court's order taxing costs in the amount of $545.80 in favor of defendant Mary Seaman (dkt. #159) is DENIED.

Entered this 30th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge